**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EAST COAST BUILDING SERVICES, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>MARCO CONTRACTORS, INC.,<br><br>    Defendant. | CIVIL ACTION NO. 12-7445 (MLC)<br><br>**O P I N I O N** |

**THE PLAINTIFF**, East Coast Building Services, LLC ("ECBS"), brought this action against the defendant, Marco Contractors, Inc. ("Marco") on December 4, 2012. (See generally dkt. entry no. 1, Compl.)  ECBS raises claims for breach of contract, quasi-contract, and promissory estoppel. (See id. at 7-9.)  It asserts that jurisdiction is proper under 28 U.S.C. § 1332 ("Section 1332"). (See id. at 2.)

**ECBS** asserts that it "is a New Jersey limited liability company, organized and existing under the laws of the State of New Jersey, with its principal place of business located at 210 Broad Street in the City of Red Bank, County of Monmouth, and State of New Jersey." (Compl. at ¶ 1.)  But it fails to properly allege its citizenship.  A limited liability company is an unincorporated association that is deemed to be a citizen of each state in which its members are citizens, not the states in which it was formed or

has its principal place of business.  See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418-20 (3d Cir. 2010).

   **ECBS**, by failing to properly allege its citizenship, has failed to demonstrate that there was complete diversity of citizenship in the action when it was commenced; it has failed to demonstrate that it is a citizen of a different state in relation to Marco.  See 28 U.S.C. § 1332(a)(1); Grupo Dataflux v. Atlas Global Grp., 541 U.S. 567, 571 (2004) (jurisdictional challenges are measured "against the state of facts that existed at the time of filing");  Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005). The Court will thus dismiss the Complaint, but will do so without prejudice to ECBS to either -- within thirty days -- (1) recommence the action in state court, as limitations periods are tolled by the filing of a federal complaint, see Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007), Galligan v. Westfield Ctr. Serv., 82 N.J. 188, 191-95 (1980); or (2) move in accordance with both the Federal Rules of Civil Procedure and the Local Civil Rules to reopen the action in federal court, with documentation that properly demonstrates its own citizenship.

   **ECBS** is advised that if it opts to move to reopen the action in federal court, then it does so at its own peril as the Court will not further extend the thirty-day period to proceed in state court.  ECBS is also advised that any motion to reopen the action

must properly: (1) demonstrate its own citizenship as it existed on December 4, 2012; (2) provide a list of all of ECBS members as of December 4, 2012, analyze the citizenship of all of those members, and provide supporting documentation and affidavits from those with knowledge of its structure; and (3) show that there is jurisdiction under Section 1332. As ECBS is represented by counsel, the Court "should not need to underscore the importance of adequately pleading and proving diversity". CGB Occ. Therapy v. RHA Health Servs., 357 F.3d 375, 382 n.6 (3d Cir. 2004).

**ECBS**, if moving to reopen the action, must provide a definite response as to where all members are citizens. A response that merely demonstrates where a member resides, is licensed, or has a place of business will not suffice, as such a response will not properly invoke subject matter jurisdiction. See McCracken v. ConocoPhillips Co., 335 Fed.Appx. 161, 162-63 (3d Cir. 2009); Cruz v. Pennsylvania, 277 Fed.Appx. 160, 162 (3d Cir. 2008). The Court specifically advises ECBS that a response that is based upon information and belief, or an assertion that is not specific (e.g., citizen of "a state other than Pennsylvania") will not suffice. See Vail v. Doe, 39 F.Supp.2d 477, 477 (D.N.J. 1999) (stating citizenship allegation that is based upon information and belief "does not convince the Court that there is diversity among the parties").

3

     **THE COURT** further advises ECBS, if moving to reopen the action, to refrain from asserting confidentiality on behalf its members or membership layers, as that would improperly thwart the Court's efforts to analyze subject matter jurisdiction.  See <u>Belleville Catering Co. v. Champaign Mkt. Place</u>, 350 F.3d 691, 693 (7th Cir. 2003) (stating such details cannot be kept confidential from the judiciary); <u>see also</u> <u>Emerald Investors Trust v. Gaunt Parsippany Partners</u>, 492 F.3d 192, 207 n.22 (3d Cir. 2007) (rejecting, in jurisdictional analysis, partnership's "attempts to keep the identity of its limited partners confidential insofar as possible", as "the district court must know who they are and where they are citizens and its need for that information will trump [that partnership's] policies"); <u>Wonders Trust v. Deaton, Inc.</u>, 200 F.R.D. 473, 480 (M.D. Fla. 2000) (sanctioning party for failure to cooperate with court's jurisdictional inquiry, as party "should not be permitted, through recalcitrance, to prevent this Court from determining its own subject-matter jurisdiction").

**THE COURT,** for good cause appearing, will issue an appropriate order and judgment.[1]

          s/ Mary L. Cooper
          **MARY L. COOPER**
          United States District Judge

Date:   December 6, 2012

---

[1] The Court notes that venue may not be proper, as: (1) the contracts at issue are controlled by Pennsylvania law (see dkt. entry no. 1-2, Contract at 6 ("This Subcontract shall be governed by the Laws of the Commonwealth of Pennsylvania, without regard to its choice of law provisions.")); and (2) it appears that the work underlying the contracts occurred in New York (see Compl. at 3-7). If the action is reopened here, the Court may address the issue of venue when the defendant appears.

    The Court also notes that the Contract provides for arbitration of "[a]ll claims or disputes between [ECBS] and [Marco] arising out of or related to [the Contract] or the breach thereof or either party's performance of their obligation under [the Contract]". (Contract at 6.) If the action is reopened here, and if Marco asserts as an affirmative defense that the action should be referred to an arbitrator, the Court would entertain a motion to compel arbitration by Marco.